ging in execution. or any other matter incident to the lawful arrest. This is the whole gist of the case.

I do not say that the magistrate ought not to admit him to take the oath notwithstanding the charges. I have no right to meddle with this. There appears to be some reason to suppose that the justices of the circuit court may entertain a different opinion upon this question, and I need not say that I shall cheerfully acquiesce in any rule they may lay down. Until they have decided the point I must act upon my own carefully considered opinion. The answer of the defendants brings up the whole merits of the case, and my decision is intended to be final in this court, so as to allow of an appeal. Bill dismissed.

[The decree in this case was affirmed by the circuit court upon appeal. Case No. 9,641.]

━━━━━

## Case No. 9,643.

### Ex parte MINOR.

[2 Cranch, C. C. 404.] [1]

Circuit Court, District of Columbia. April Term, 1823.

JUSTICE OF PEACE—CAPIAS—WARRANT OF ARREST —BEFORE JUDGMENT.

A justice of the peace in Alexandria county has no power to issue a capias ad respondendum, or warrant of arrest, for a small debt, before judgment.

Upon the return of the habeas corpus directed to Leonard Adams, a constable of the county of Alexandria, it appeared that Mr. Minor was in his custody under a warrant of arrest, or capias ad respondendum, issued by Adam Lynn, Esq., a justice of the peace of that county, directed to the said Leonard Adams, commanding him to take into his custody the body of the said Thomas Jefferson Minor, and him safely keep, so that he should have him before him or some other justice of the peace for that county, on the 5th day of June, 1823, to answer to Broders, Evans & Co. in a plea of trespass on the case for one dollar due by account. This precept was dated the 5th of June, 1823. By the act of congress of the 27th of February, 1801 [2 Stat. 103], the laws of Virginia were continued in force in the county of Alexandria, as they then existed; and it was enacted that the justices of the peace, to be appointed under that act. should, in all matters civil and criminal, have all the powers vested in, and should perform all the duties required of, justices of the peace as individual magistrates, by the laws thus continued in force therein; and should have cognizance of personal demands to the value of twenty dollars, exclusive of costs. By the act of the assembly of Virginia of the 16th of January, 1801, the justices of the peace, as individual magistrates, were forbidden to issue even an execution against the body of the debtor, and a fortiori, a capias ad respondendum. This law was one of the adopted laws under the act of congress of the 27th of February, 1801 [2 Stat. 103], and continued in force in the county of Alexandria until the act of congress of the 1st of March, 1823 [3 Stat. 743], extending the jurisdiction of the justices of the peace in the recovery of debts to the amount of fifty dollars, which they are "to try, hear, and determine," and "to give judgment" "in the same manner and under the same rules and regulations, to all intents and purposes," as they were then "authorized and empowered to do when the debt and damages did not exceed the sum of twenty dollars, exclusive of costs." This act of March 1, 1823, does not designate the process by which the defendant is to be brought before the magistrate, but leaves it as it was before.

THE COURT, upon this view of the case, ordered Mr. Minor to be discharged from the custody of the constable.

━━━━━

MINOR (GONZALES v.). See Case No. 5,-530.

MINOR (MECHANICS' BANK OF ALEXANDRIA v.). See Case No. 9,385.

MINOR (REED v.). See Case No. 11.647.

MINOR (SLADE v.). See Case No. 12,937.

━━━━━

## Case No. 9,644.

### MINORS et al. v. The MARY.

[Bee, 119.] [1]

District Court, D. South Carolina. Oct., 1798.

SEAMEN — WAGES—NOT EARNING FREIGHT — MASTER'S CERTIFICATE.

Wages decreed upon the captain's certificate that they were due, though the vessel was in port, not earning freight. Such certificate the best evidence, no articles being produced.

This is a suit for seamen's wages, and a certificate of the captain is produced, in which he acknowledges the amount due. It is objected, that these seamen [Marcus Minors and others] had assisted the captain to carry the vessel out of her course. That these wages accrued in port, when the vessel was earning no freight, and was in the custody of the marshal. That all wages due up to the time of the vessel's arrival had been paid.

BY THE COURT. The only question is whether the owners of the vessel are answerable for the act of the captain in this instance. I think they are. Captain Dillingham was master of the vessel at her arrival here, on the 27th February last. On the 10th April the marshal took charge of the vessel, by order from this court. On the 1st of

───────

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Thomas Bee, District Judge.]